Appellant.—Order unanimously affirmed, with costs, for the reasons stated in memorandum decision at Supreme Court, Gossel, J. (Appeal from order of Supreme Court, Erie County, Gossel, J.—dismiss action, forum non conveniens.) Present— Dillon, P. J., Hancock, Jr., Denman, Green and Pine, JJ.

■ STATE DIVISION OF HUMAN RIGHTS, on Complaint of HERMINIA RODRIGUEZ, Petitioner, v BUFFALO BOARD OF EDUCATION, Respondent. (Proceeding No. 1.)—Determination unanimously confirmed and petition dismissed, without costs (see, State Div. of Human Rights v Ingersoll-Rand Co., 106 AD2d 917). (Proceeding pursuant to Executive Law § 298.) Present— Dillon, P. J., Hancock, Jr., Denman, Green and Pine, JJ.

■ STATE DIVISION OF HUMAN RIGHTS, on Complaint of HERMINIA RODRIGUEZ, Petitioner, v BUFFALO BOARD OF EDUCATION, Respondent. (Proceeding No. 2.)—Determination unanimously confirmed and petition dismissed, without costs (see, State Div. of Human Rights v Ingersoll-Rand Co., 106 AD2d 917). (Proceeding pursuant to Executive Law § 298.) Present— Dillon, P. J., Hancock, Jr., Denman, Green and Pine, JJ.

■ In the Matter of ANDREW REJMAN et al., Respondents-Appellants, v THOMAS J. WELCH et al., Constituting the Zoning Board of Appeals of the Town of Deerfield, Appellants-Respondents.—Judgment, insofar as appealed from, unanimously modified, on the law, by striking the last two adjudging paragraphs and, as modified, affirmed, without costs. Memorandum: Special Term properly upheld the determination of the Zoning Board of Appeals that petitioners' use of their property as a "mink farm" is in violation of the zoning ordinance (see, Matter of Holy Spirit Assn. v Rosenfeld, 91 AD2d 190, 201, lv denied 63 NY2d 603) but erred in granting petitioners a use variance. An applicant for a building permit obtains no vested rights through the issuance of an invalid permit (see, Matter of B & G Constr. Corp. v Board of Appeals, 309 NY 730, 732; Silverman v Keating, 52 AD2d 1076, 1077; 11 NY Jur 2d, Buildings, Zoning, and Land Controls, § 40, at 640-641). The building inspector had no authority to permit a use prohibited by the ordinance and his issuance of the permit conferred no rights on petitioners. To be entitled to a variance, petitioners were required to show "unnecessary hardship", i.e., that "(1) the land in question cannot yield a reasonable return if used only for a purpose allowed in that zone; (2) that the plight of the owner is due to unique circumstances and not to the general conditions in the neighborhood which may reflect the unreasonableness of the zoning ordi-